UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH DICKERSON,<br><br>    *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>    *Defendant*. | Civil Action No. 09-2213 (PLF) |

### DEFENDANT'S ANSWER AND DEFENSES
### TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

Defendant the District of Columbia (the District) responds to plaintiff's Fourth Amended Complaint (Complaint) as follows:

### DEFENSES

The District asserts and preserves the defenses listed below based on information currently available. The District reserves the right to withdraw these defenses or assert additional defenses as additional information becomes available.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred by the failure to exhaust administrative or other available remedies.

## FOURTH DEFENSE

If plaintiff was injured or damaged as alleged in the Complaint, such injuries or damages foreseeably resulted from the conduct of a person or entity other than the District, or factors outside the District's control.

## FIFTH DEFENSE

Plaintiff has not suffered any monetary or financial loss for which he can assert a claim for compensatory or other damages.

## SIXTH DEFENSE

Plaintiff failed to mitigate any monetary or financial loss he suffered.

## SEVENTH DEFENSE

The District, at all relevant times, acted consistently with applicable laws, rules, regulations, and constitutional provisions.

## EIGHTH DEFENSE

The District denies all allegations of wrongdoing including, but not limited to, any alleged violations of statutory and common law, and further denies that plaintiff is entitled to any relief.

## NINTH DEFENSE

The doctrines of waiver, estoppel, unclean hands and laches equitably bar plaintiff from seeking the relief sought in the Complaint.

## TENTH DEFENSE

The Complaint should be dismissed, in whole or in part, because the equitable and declaratory relief requested by plaintiff exceeds the scope of his claims.

## ELEVENTH DEFENSE

Plaintiff is not entitled to any equitable relief from this Court because of his own actions or inactions.

## TWELFTH DEFENSE

The Complaint fails to allege sufficient facts to establish municipal liability under 42 U.S.C. § 1983.

## THIRTEENTH DEFENSE

The District, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward the plaintiff in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

## ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

The District asserts that any allegation not specifically admitted in this Answer is denied and responds to the individually-numbered paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE

The District admits that 28 U.S.C. §§ 1331 and 1343 establish this Court's jurisdiction over a matter alleging a violation of 42 U.S.C. §§ 1983 and 1988. The District denies that 28 U.S.C. § 1343(a)(3) establishes proper venue in this matter. The District also denies plaintiff timely filed notice under D.C. Code § 12-309.

## PARTIES

1.  The District lacks sufficient information to admit or deny that plaintiff simultaneously served as a dean of students and music teacher at Woodrow Wilson

High School (Wilson). The District admits the remaining allegations in this paragraph.

2. The District admits that it is a municipality, that the District of Columbia Public Schools (DCPS) is a cabinet-level agency subordinate to the Mayor, and that DCPS's central office is located at 1200 First Street, N.E., Washington, D.C. 20002. The remaining allegations in this paragraph are legal conclusions to which no answer is required; if a response is required, the remaining allegations are denied.

3. The District admits that 5E D.C.M.R. § 501 describes the authorities and duties of the DCPS Superintendent of Schools, but denies that 5E D.C.M.R. § 501 solely sets forth former DCPS Chancellor Michelle Rhee's authorities and duties.

4. The District denies the allegations in this paragraph.

## FACTS COMMON TO ALL COUNTS

5. The District denies that plaintiff was "terminated" as an assistant principal at Wilson in June 2008. The District admits the remaining allegations in this paragraph.

6. The District denies that plaintiff was "terminated" in June 2008 and that plaintiff served as the Senior Assistant Principal at Wilson, or the "designated Administrator placed in charge" when former Principal Williams "had to be out of the building." The District lacks sufficient information to admit or deny that

4

plaintiff simultaneously served as an assistant principal, dean of students, and music teacher. The District admits the remaining allegations in this paragraph.

7.  The District lacks sufficient information to admit or deny the allegations in this paragraph.

8.  The District lacks sufficient information to admit or deny the allegations in this paragraph.

9.  The District admits that 5E D.C.M.R. § 1306 provides for performance evaluations of Board of Education employees and that plaintiff's Collective Bargaining Agreement required mid-year and final evaluations. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

10. The District lacks sufficient information to admit or deny the allegations in this paragraph.

11. The District denies the allegations in this paragraph.

12. The District lacks sufficient information to admit or deny the allegations in this paragraph.

13. The District lacks sufficient information to admit or deny the allegations in this paragraph.

14. The District denies the allegations in this paragraph.

15. The District denies that in 2008 and 2009 Wilson exceeded its targeted Annual Yearly Progress (AYP) scores in reading and math. The District admits that Wilson's "DCCAS" reading and math scores exceeded expected targets in 2008. The

District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

16.     The District denies the allegations in this paragraph.

17.     The District denies that plaintiff received notice of his non-reappointment on June 24, 2008. The District admits the remaining allegations in this paragraph.

18.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

19.     The District lacks sufficient information to admit or deny the allegations in this paragraph.

20.     The District denies the allegations in this paragraph.

21.     The District denies the allegations in this paragraph.

22.     The District denies the allegations in this paragraph.

23.     The District denies the allegations in this paragraph.

24.     The District admits that Peter Cahall was hired as Wilson principal for the 2008–2009 school year. The District also admits that Mary Beth Waits and a Hispanic man were hired as assistant principals at Wilson for the 2008–2009 school year. The District denies that the Wilson administration for the 2008–2009 school year was exclusively white, and that the District only filled vacant "school-based" positions at Wilson after removing the prior administrative staff. The District lacks sufficient information to admit or deny the remaining allegations in this paragraph.

25. The District lacks sufficient information to admit or deny the allegations in this paragraph.

26. The District lacks sufficient information to admit or deny the allegations in this paragraph.

27. The District lacks sufficient information to admit or deny the allegations in this paragraph.

28. The District lacks sufficient information to admit or deny the allegations in this paragraph.

### CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. §§ 1981 AND 1983

29. The District incorporates its responses to paragraphs 1 to 28.

30. The District admits that 42 U.S.C. § 1983 contains the language quoted in the paragraph, without the added emphasis.

31. The District admits plaintiff is a U.S. citizen. The District denies the remaining allegations in this paragraph.

32. The District denies the allegations in this paragraph.

33. The allegations in this paragraph are legal conclusions to which no answer is required. To the extent a response is required, the District denies the allegations.

34. The District admits that 42 U.S.C. § 1981 contains the language quoted in the paragraph, without the added emphasis.

35. The allegations in this paragraph are legal conclusions to which no answer is required. To the extent a response is required, the District denies the allegations.

36. The District denies that plaintiff had an employment contract with the District. Therefore, the District denies the allegations in this paragraph.

37. The District denies the allegations in this paragraph.

38. The District denies the allegations in this paragraph.

39. The District denies the allegations in this paragraph.

40. The District denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The District denies that plaintiff is entitled to the relief sought in the Complaint. The District requests judgment dismissing the Complaint with prejudice and awarding the District the costs of this action, and such additional relief as the Court may deem appropriate.

Dated: August 23, 2018.   Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS, Bar No. 974858
Chief, Equity Section

*/s/ Gregory M. Cumming*
GREGORY M. CUMMING, Bar No. 1018173
Assistant Attorney General

        441 Fourth Street, N.W., Suite 630S
        Washington, D.C. 20001
        (202) 724-6627
        (202) 715-7768 (fax)
        Email: gregory.cumming@dc.gov

        *Counsel for defendant the District of Columbia*