UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH DICKERSON,<br><br>  *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>  *Defendant*. | Civil Action No. 09-2213 (PLF) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY

INTRODUCTION

Days from the close of discovery, plaintiff has yet to verify any interrogatory responses, provide complete responses to a majority of discovery requests served by the District of Columbia (the District), or provide a privilege log. As a result, the District still lacks basic information about plaintiff's claims and what evidence he relies on in support of those claims. The District does not know, for example, even the basic categories of damages plaintiff seeks, who plaintiff may rely upon as witnesses or where they might be found, and if plaintiff has *any* evidence or concrete facts to support many of the allegations in the Fourth Amended Complaint. Plaintiff has, in many instances, simply failed to respond, and appears, in others, to rely on baseless, boilerplate objections to improperly withhold information and documents. Plaintiff should be ordered to promptly comply with his discovery obligations.

## BACKGROUND

This matter has been pending for more than a decade; the relevant procedural history and plaintiff's remaining allegations are recounted in the Court's opinion of July 26, 2018, denying the District's motion to dismiss the Fourth Amended Complaint. ECF No. 84 at 1-5. In brief, plaintiff alleges the District violated 42 U.S.C. § 1981 in 2008 "by breaching the terms of his existing employment contract and failing to reappoint" him to his position as an assistant principal at Wilson Senior High School in the District of Columbia. *Id.* at 5. After his non-reappointment, plaintiff continued to work for the District of Columbia Public Schools (DCPS) until he retired earlier this year. Pl.'s Answers to First Set of Request for Admissions, Second Set of Interrogatories and Request for Production of Documents (Second Responses), Ex. F at *2.

The District served plaintiff with two sets of interrogatories and two requests for production of documents, on May 8, 2019 (First Requests), and July 22, 2019 (Second Requests), respectively. *See* First Requests, Ex. A; Second Requests, Ex. B. Plaintiff responded to the District's First Requests on June 25, 2019 (First Responses). First Responses, Ex. C. The District outlined multiple deficiencies in plaintiff's First Responses in a letter served on plaintiff on July 22, 2019. Letter from Mateya Kelley to Donald Temple (July 22, 2019), Ex. D. After receiving no response to its July 22 letter, or to its Second Requests, the District emailed plaintiff's counsel on September 9, 2019 seeking a time to meet and confer. Email from Gregory Cumming to Donald Temple (Sept. 9, 2019, 2:25 p.m. EST), Ex. E at *6. Plaintiff

responded to the District's Second Requests later that day,[1] and agreed to confer by telephone the next day. *See* Second Responses, Ex. F; Email from Donald Temple to Gregory Cumming (Sept. 9, 2019, 2:47 p.m. EST), Ex. E at *5-6. During that September 10, 2019 call, counsel for the District reiterated the concerns expressed in the July 22, 2019 letter, and counsel for plaintiff agreed to provide supplemental responses by the close of business on September 17, 2019. To-date, plaintiff has failed to do so. Discovery closes on September 20, 2019. ECF No. 96 at 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure (Rule) 37(a)(3)(A) and (B) permits a party seeking discovery to move for an order compelling an answer or production if another party fails to answer an interrogatory or to produce documents. *See also* Fed. R. Civ. P. 26 (governing discovery generally); 33 (interrogatory requests); 34 (requests for production of documents). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## ARGUMENT

I.  <u>Plaintiff Must Produce Verified Interrogatory Responses.</u>

Rule 33(b) requires that interrogatories be answered under oath, and signed by, the party to whom they are directed. Fed. R. Civ. P. 33(b)(1), (3), (5). The verification requirement "is critical because 'interrogatories serve not only as a

---

[1] The District's Second Requests also included requests for admission. *See* Ex. B. Because plaintiff did not respond to those requests until September 9, 2019, *see* Ex. F, well after the time period prescribed by Rule 36, *see* Fed. R. Civ. P. 36(a)(3), the requests are deemed admitted. *Id*; *see also Tequila Centinela, S.A. DE C.V. v. Bacardi & Co., Ltd.*, 247 F.R.D. 198, 204 (D.D.C. 2008).

discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory.'" *Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008) (quoting *Melius v. Nat'l Indian Gaming Comm'n*, Civil Action No. 98-02210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000) (Facciola, J.)). Failure to verify responses is sanctionable. *Id.* at 52.

The District's interrogatories are directed to plaintiff Kenneth D. Dickerson, but plaintiff has failed to verify his responses under oath. *See generally* First Responses, Ex. C; Second Responses, Ex. F at 8.[2] The Court should order plaintiff to verify his responses.

## II. Plaintiff Must Provide Complete Responses to the District's Requests.

Plaintiff has inserted dozens of boilerplate objections, many of which are not only unexplained, but nonsensical in the context of specific requests. Plaintiff has also failed to respond in whole or in part to fifteen of the District's interrogatory requests, and has failed to produce or confirm the absence of specified documents responsive to multiple document requests.[3] As a result, despite five months of discovery, the

---

[2] On September 11, 2019, plaintiff did provide a signature page for his Second Responses. Ex. H. However, it is unclear whether that page corresponds to all of the District's Second Requests, since it was served on the District separately from the complete document.

[3] Because the deficiencies in plaintiff's response are so extensive, rather than quote each interrogatory request and deficient response in full within this memorandum, the District has instead cited to complete copies of the relevant requests and responses. *See* LCvR 30.4.

District remains largely in the dark with respect to key fact issues including plaintiff's potential witnesses and the scope of, and basis for, his damages claims.

    A.    <u>**Plaintiff's Boilerplate Objections Are Not Proper Objections.**</u>

Rule 33(b)(4) requires that "[t]he grounds for objecting to an interrogatory … be stated with specificity." Objections must be specific enough to enable the opposing party or a reviewing court to understand the nature and amount of information being withheld and to evaluate the merits of the objection. *E.g.*, *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 13 (D.D.C. 2008) (overruling responding party's generalized objections on grounds they did not comply with Rule 33 or provide sufficient basis for review); *D.L. v. District of Columbia*, 251 F.R.D. 38, 43 (D.D.C. 2008) (same, where boilerplate general objections were referenced in individual responses "without explanation or elaboration").

Rule 34 is materially the same concerning document requests. *See, e.g.*, Fed. R. Civ. P. 33(2)(B), (C). Plaintiff must "state with specificity the grounds for objecting to the request, including the reasons" and must further "state whether any responsive materials are being withheld on the basis of that objection." *Id*. "An objection to part of a request must specify the part and permit inspection of the rest." *Id*. at (C).

Plaintiff has responded to the District's requests with numerous boilerplate objections, two of which are especially problematic.

First, plaintiff has objected to the District's Interrogatory Nos. 1, 3, 11, 12, 17, 18 and 19 on the grounds that "plaintiff has not decided exactly which witnesses will be called at the trial in this matter." Ex. C at 2, 4, 12, 13, 16, 17. This objection is

5

confusing and improper. The cited Interrogatories simply ask plaintiff to identify persons or facts and circumstances supporting plaintiff's allegations. *Id.* at 2, 4, 12, 16, 17. Plaintiff can answer regardless of whether he has decided which of those persons or facts will be useful at trial. Instead, plaintiff appears to have relied on this objection to avoid providing *any* complete response to requests to identify relevant individuals. *See, e.g.*, Ex. C at 2-3, Response to Interrogatory No. 1 ("*1. Identify each person having discoverable information that supports a position you have taken or intend to take in this action and state the subject matter of the information possessed by that person.* … Notwithstanding objections persons having information include: a. Living plaintiffs … . b. DCPS Human Resources (HR) Officers and Administrative Employees responsible for supervising, monitoring and evaluating Plaintiff … . c. Defendant agency Department of Employment Services and Unemployment Compensation employees responsible for Plaintiff's unemployment claims and resolution between June 2008 to October 2008. (Names unknown at this time).") (emphasis added to indicate request).

Second, plaintiff has objected to 18 of the District's interrogatory requests (Nos. 1, 3, 5, 6, 7, 8, 9, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, and 23) and 17 of the District's request for production (Nos. 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, and 22) on the ground that the information or documents requested are within the District's control. Specifically, plaintiff objects to the interrogatory requests as follows, or with minor variations:

> Objection to the extent that this Interrogatory is unduly burdensome and oppressive insofar as it seeks identifications, information or

> materials already within Defendant's knowledge, possession, and/or control. The information requested is more readily accessible to Defendant than to Plaintiff, as the Agency has this information within its personnel records.

Ex. C at 2, 4, 6-10-13, 15-20. Plaintiff similarly objects that the document requests are "unduly burdensome and oppressive insofar as" they "seek information or materials already within Defendant's knowledge, possession, and/or control," and "to the extent that the information requested is more readily accessible to Defendant than to Plaintiff … ." *Id.* at 21, 25-33, 35.

The District cannot determine from plaintiff's objections whether any information is being withheld on the basis of the objection, and, if so, the nature of the information. In many instances, the objection is confusing and (again) appears to be baseless. Interrogatory No. 16, for example, asks plaintiff to identify facts and circumstances supporting an allegation that he had to liquidate mutual funds in order to pay living expenses, mortgage and tuition costs. Ex. C at 15. There is no rational explanation for why this information is more readily accessible to the District than plaintiff, or how or why such information would already be within the District's control. *See also, e.g.*, Interrogatory No. 20 (requesting information about plaintiff's communications with specified individuals), *id.* at 18; No. 22 (requesting information about plaintiff's damages claims), *id.* at 19.

And even if plaintiff's objections could be understood, the "'fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories.'" *United States v. All Assets Held at Bank Julius Baer & Co.*, 276 F.R.D. 396, 400 (D.D.C. 2011) (quoting *Susko v. City of Weirton*, Civil

7

Action No. 9-00001, 2010 WL 1881933, at *2 (N.D.W.V. May 7, 2010)). And the "'fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable.'" *Susko*, 2010 WL 18881933, at *2 (quoting *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 245 (N.D.W.V. 1970)).

Most of the interrogatories at issue simply ask plaintiff to explain the basis for specific allegations in the Fourth Amended Complaint. Ex. C at 2, 4, 6, 8-10, 12, 13, 15-20. Even if some of that information is known to the District, plaintiff is required to provide candid, complete answers to each request as of the time of his response. *E.g.*, Wright & Miller, Fed. Prac. & Procedure § 2174 (April 2019 Update) ("As a general rule a party in answering interrogatories must furnish information that is available to it and that can be given without undue labor and expense."). To the extent plaintiff presently lacks any factual basis for any of the allegations in his Complaint, plaintiff should respond with whatever information and belief supported his inclusion of the allegation and qualify his response appropriately. *Cf.* Fed. R. Civ. P. 11(b) (requiring certification of factual contentions in pleadings "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances").

Plaintiff's objections are similarly confusing and opaque with respect to the District's document requests. Here, again, many objections appear to be baseless. *See, e.g.*, Interrogatory No. 17 (requesting plaintiff's communications), Ex. C at 31-32; No. 18 (damages), *id.* at 32-33; No. 20 (personal financial harm), *id.* at 33-34. Plaintiff has

8

failed to explain with any specificity why the cited requests for production are "unduly burdensome and oppressive," and he has failed to state whether any responsive documents have been withheld on the basis of this objection.

In sum, plaintiff should be ordered to produce candid and complete responses to the District's Interrogatory Nos. 1, 3, 5, 6, 7, 8, 9, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, and 23, without regard to whether plaintiff intends to call the individuals identified at trial or whether the information may be within the District's control. And plaintiff should be ordered to produce all documents responsive to the District's Requests for Production Nos. 1, 2, 4, 5, 6, 7, 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, and 22, without regard to whether the documents are within the District's control.

  B. <u>Plaintiff Must Answer Every Part of Every Interrogatory.</u>

"A party to whom an interrogatory is propounded 'must provide true, explicit, responsive, complete, and candid answers.'" *Equal Rights Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007) (quoting *Hansel v. Shell Oil Corp.,* 169 F.R.D. 303, 305 (E.D. Pa. 1996)). Many of plaintiff's answers are evasive and incomplete. Specifically, plaintiff's responses to the following interrogatories are evasive and incomplete, in whole, or in part, for the reasons stated:

Interrogatory No. 1:  Plaintiff was asked to identify each person having discoverable information that supports a position he has taken or intends to take in this action and to state the subject matter of the information possessed by that person. Plaintiff has failed to identify a single person by name or to state the subject matter possessed by anyone. Ex. C at 2-3.

Interrogatory No. 4:  Plaintiff has failed to identify Jacqueline Williams as requested in the definitions set out in the District's first requests. *See* Ex. C at 5; Def.'s First Set of Discovery Requests to Pl., Ex. A at 2-3 (*see* Definition H(a)).

Interrogatory No. 6:  Plaintiff's answer is incomplete. In particular, Subparts (d) and (g) fail to specify a timeframe for the action described.  Subpart (i) is vague as to how John Davidson "endorsed" plaintiff's qualifications. Ex. C at 6-8.

Interrogatory No. 7:  Plaintiff has failed to identify individuals as requested in the definitions set out in the District's first requests. Ex. C at 8-9; Ex. A at 2-3. Further, plaintiff's bare identification of individuals does not answer the question, which seeks "the specific reasons supporting" plaintiff's allegation that he anticipated a promotion by the time of his non-reappointment in 2008-2009. Ex. C at 8-9.

Interrogatory No. 8:  Plaintiff has failed to respond to Subpart (c). Ex. C at 9-10.

Interrogatory No. 11:  Plaintiff has failed to identify individuals as requested in the definitions set out in the District's first requests. Ex. C at 12; Ex. A at 2-3. Further, plaintiff's identification of one individual is insufficient. Ex. C at 12.

Interrogatory No. 13:  Plaintiff's incorporation of his response to Interrogatory No. 6 does not answer this question. Ex. C at 13, 6-8.

Interrogatory No. 14:  Plaintiff is required to identify the responsive documents with particularity, *i.e.*, by exhibit and page number or Bates stamp. *See, e.g., DL*, 251 F.R.D. at 48. Plaintiff has failed to do so. Ex. C at 14.

Interrogatory No. 15: Plaintiff's response is incomplete. Plaintiff fails to provide the names of most individuals involved and dates or timeframes for the conduct referenced. Ex. C at 14-15.

Interrogatory No. 19: Plaintiff's response is incomplete. Plaintiff does not specify when or how he contacted Aona Jefferson, nor describe any of the referenced communications by the Council of School Officers. Ex. C at 17-18.

Interrogatory No. 20: Plaintiff's response is incomplete. Plaintiff fails to identify and describe any communications as requested, including the referenced "limited communications" with Jacqueline Williams and Mary Grant. Ex. C at 18.

Interrogatory No. 21: Plaintiff's response is incomplete. Plaintiff's answer and incorporated answer do not identify or describe instances in which plaintiff was considered for a position as assistant principal, as requested. Ex. C at 18-19, 6-9.

Interrogatory No. 22: Plaintiff's response is wholly insufficient. Plaintiff does not identify by type, category, or amount the damages he seeks in this lawsuit, the method by which each amount was calculated, the basis for the damages claim, or any steps he has taken to mitigate these alleged damages. Ex. C at 19, 14-15.

Interrogatory No. 23: Plaintiff's response is wholly insufficient. Plaintiff does not identify his periods of employment and unemployment, as requested. Ex. C at 20, 15.

Interrogatory No. 25: Plaintiff has not provided any response. Ex. F at *8.

Plaintiff should be ordered to promptly produce verified, full, and complete supplemental responses to each of the interrogatories identified above.

### C.     <u>Plaintiff Must Produce Requested Documents or Explain Their Absence.</u>

In response to every request for production, plaintiff must state with specificity any grounds for objecting to the request, or produce or permit inspection of the responsive documents. Fed. R. Civ. P. 33(b)(2)(B). Plaintiff failed to produce or object to requests for plaintiff's personal communications, and has failed to object or to produce documents in response to three specific requests.

Many of the District's requests expressly seek or encompass plaintiff's personal communication records, such as emails, text messages, or social media postings and messages. *E.g.*, Request for Production Nos. 1, 3, 6, 11, 14, 15, 17, 18, 19, 21, Ex. C at 20, 24, 26, 29-34; Request for Production No. 23, Ex. F at 8. Plaintiff has not produced any personal communications or stated any objections for withholding such communications, assuming any exist. *E.g.*, *id.*

Plaintiff has identified documents responsive to four requests, but failed to produce the documents, as follows:

Document Request No. 2: Plaintiff states that a number of documents are still forthcoming. Plaintiff must promptly produce these documents. Ex. C at 23.

Document Request No. 21: Plaintiff alleges he filed a grievance in connection with his non-reappointment, but plaintiff has not produced any documents evidencing this grievance. Ex. C at 34.

Document Request No. 22: Plaintiff has produced only a list of responsive documents. Plaintiff must produce the responsive documents that are referenced. Ex. C at 35; Exhibit 34 to First Responses, Ex. G at 2.

Document Request No. 24: Plaintiff has referenced two evaluations for the 2005-2006 and 2006-2007 school years as "not in Plaintiff's Personnel File" but has not explained why he cannot produce the evaluations.

Plaintiff should be ordered to promptly produce all responsive documents.

### III.     Plaintiff Must Produce a Privilege Log or Retract Privilege Objections.

Rule 26(b)(5)(A) requires that when a party withholds "otherwise discoverable material by claiming that the information is privileged or subject to protection as trial-preparation material, the party must … describe the nature of the documents, communications, or tangible things not produced or disclosed" in "a manner that" permits opposing parties "to assess the claim." "[F]ederal courts are insistent upon the timely production of a privilege log, [and] have enforced [privilege] waivers when the production was not timely … ." *Banks v. Office of the Senate Sergeant-at-Arms & Doorkeeper*, 226 F.R.D. 113, 117 (D.D.C. 2005) (Facciola, J.).

In his "General Objections" to the District's First and Second Requests, plaintiff objects to the Interrogatories "to the extent that they call for the disclosure of materials and information protected by the attorney-client privilege and/or work-product doctrine" and states he "will not disclose such information." Ex. C at 1; Ex. F at 1. Plaintiff further objects "to the extent that they call for disclosure of materials prepared in anticipation of litigation and/or trial preparation material." *Id.*

Despite these objections, plaintiff has not produced the privilege log required by Rule 26 or explained why he made these objections or whether he has actually withheld any information or documents on this basis. The Court should order plaintiff

13

to promptly produce a privilege log that permits the District to assess the merits of plaintiff's objections and withheld information or documents, and permit the District to reopen discovery as necessary to pursue information improperly withheld.

## CONCLUSION

For the foregoing reasons, the Court should grant the District's motion to compel and enter the attached proposed order.

Dated:  September 18, 2019.          Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Chief, Equity Section

*/s/ Mateya B. Kelley*
GREGORY M. CUMMING [1018173]
MATEYA B. KELLEY [888219451]
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630S
Washington, D.C. 20001
(202) 724-7854
(202) 715-7768 (fax)
Email: mateya.kelley@dc.gov

*Counsel for defendant the District of Columbia*