UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH DICKERSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 09-2213 (PLF) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

The parties appeared for a status conference on November 4, 2019 during which they discussed the District's Motion to Compel Discovery [Dkt. No. 99] and the update to this motion provided in the Joint Status Report [Dkt. No. 106]. The four outstanding issues identified in the Joint Status Report were narrowed even further during the status conference, and their status is as follows:

1. Privilege log

This issue was resolved during the status conference. Mr. Dickerson's counsel stipulated that no documents have been withheld as privileged. The District agreed this stipulation on the record satisfied its request for a privilege log.

2. Verified interrogatory responses

This issue was resolved during the status conference. Mr. Dickerson's counsel said he sent verifications for his interrogatory responses to the District. The District agreed that it had received these verifications and that they satisfied the District's request for verification.

3. Improper objections to interrogatories

First, the District argues that Mr. Dickerson's objections to seven interrogatories on the grounds that he has "not yet identified trial witnesses" are improper. During the status conference, Mr. Dickerson's counsel agreed to supplement his responses to these interrogatories by the end of the day.

Second, the District argues that Mr. Dickerson's objections to eighteen interrogatory requests and seventeen requests for documents on the grounds that the information or documents are within the District's control are improper. During the status conference, Mr. Dickerson's counsel agreed to provide these documents to the extent they are readily available, even if they are duplicative.

4. Insufficient responses to interrogatories

First, the District argues that Mr. Dickerson has not responded to Interrogatory No. 25. During the status conference, Mr. Dickerson's counsel agreed to respond to Interrogatory No. 25 by filing either an answer, an objection, or both.

Second, the District argues that Mr. Dickerson needs to supplement his response to Interrogatory No. 22. The parties identified the outstanding issue as what specificity Mr. Dickerson needs to give for compensatory damages. During the status conference, the District agreed to file a brief citing case law to support its argument that Mr. Dickerson needs to be more specific regarding a calculation of compensatory damages. Accordingly, it is hereby

ORDERED that the District's Motion to Compel Discovery [Dkt. No. 99] is GRANTED in part and HELD IN ABEYANCE in part; it is

FURTHER ORDERED that the Plaintiff shall submit responses to the seven interrogatories that he had previously objected to on the grounds that he had not yet identified

trial witnesses; it is

FURTHER ORDERED that the Plaintiff shall respond to the eighteen interrogatories and provide documents in response to the seventeen document requests that he had previously objected to on the grounds that the information or documents are within the District's control to the extent that these documents are readily available. The Plaintiff shall continue to supplement its responses and documents as appropriate; it is

FURTHER ORDERED that the Plaintiff shall respond to Interrogatory No. 25; and it is

FURTHER ORDERED that the District shall file a brief on or before November 11, 2019 to support its argument that the Plaintiff needs to be more specific regarding his compensatory damages calculation. Mr. Dickerson's response is due on or before November 18, 2019.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 6, 2019