UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
KENNETH DICKERSON, et al.,                )
                                          )
       Plaintiffs,                       )
                                          )
   v.                                     )   Civil Action No. 09-2213 (PLF)
                                          )
DISTRICT OF COLUMBIA,                     )
                                          )
       Defendant.                        )
_____)

MEMORANDUM OPINION AND ORDER

        One of the outstanding issues raised by the District of Columbia in its motion to compel discovery responses [Dkt. No. 99] and maintained in an October 30 amended joint status report [Dkt. No. 106] is the failure of the plaintiff, Kenneth Dickerson, to provide a complete answer to Interrogatory No. 22. Interrogatory No. 22 asks Mr. Dickerson to identify the "type, category and amount" of the damages he seeks, including "an explanation of the method by which each amount was calculated" and "the basis for claiming the type or category of damages and the specified amount." See District of Columbia's First Motion to Compel Discovery Responses ("Mot. to Compel") [Dkt. No. 99] Exhibit A at 11. In his original answer, Mr. Dickerson referred to his answers to Interrogatory Nos. 15 and 16, and otherwise objected to Interrogatory No. 22 for seeking information already within the defendant's possession or control, and because the information is more readily accessible to the defendant than the plaintiff. See Mot. to Compel, Exhibit C at 19.

        Mr. Dickerson later supplemented his discovery response. His supplemented answer to Interrogatory No. 22 consists of his first answer in its entirety, with two new

sentences.  Compare Mot. to Compel, Exhibit C at 19 with District of Columbia's Notice of Filing ("Notice of Supp. Answers") [Dkt. No. 112] Exhibit A at 14.  The first new sentence references a "preliminary statement regarding [Mr. Dickerson's] economic losses" that Mr. Dickerson had by then provided to the District.  Notice of Supp. Answers, Exhibit A at 14.  The second sentence says that Mr. Dickerson "seeks compensatory damages consistent with Sands jury instruction 13.1 and 2, to include emotional harm and inconvenience, as well as harm to his reputation."  Id.

Mr. Dickerson did not file an opposition to the District's motion to compel.  Instead, during a status conference before the Court on November 4, 2019, plaintiff's counsel said that his supplemented answer to Interrogatory No. 22 rendered the District's motion to compel moot.  The District maintained that it was still unclear as to what compensatory damages Mr. Dickerson is seeking.  Plaintiff's counsel responded that it is not obligated to give any specifics about quantifying an amount of compensatory damages.  The Court directed the parties to submit briefs citing cases in support of their respective positions.  See Nov. 6, 2019 Mem. Op. and Order [Dkt. No. 107] at 3.

Upon consideration of the parties' supplemental briefs regarding compensatory damages [Dkt. Nos. 109 and 110] the Court finds that for the specific compensatory damages sought – "emotional harm and inconvenience" and "harm to . . . reputation" – Mr. Dickerson is not required to provide an "amount" or "method by which [that] amount was calculated." See Mot. to Compel, Exhibit A at 11.  He is, however, required to answer Interrogatory No. 22's request for the "basis for claiming the type or category of damages" he seeks – here, "emotional harm and inconvenience," and "harm to his reputation."  See Notice of Supp. Answers, Exhibit A at 13-14.

2

## I. LEGAL STANDARDS

### A. Scope of Discovery

Under the Federal Rules of Civil Procedure, discovery is broad, and parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). To be relevant for discovery purposes, "information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Cartagena v. Centerpoint Nine, Inc., 303 F.R.D. 109, 112 (D.D.C. 2014) (citing FED. R. CIV. P. 26(b)(1)).

### B. Interrogatories

Rule 33 of the Federal Rules of Civil Procedure sets forth the procedures for discovery through interrogatories. Walls v. Paulson, 250 F.R.D. 48, 50 (D.D.C. 2008) (citing FED. R. CIV. P. 33). Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Id. "A party to whom an interrogatory is propounded 'must provide true, explicit, responsive, complete, and candid answers.'" Walls v. Paulson, 250 F.R.D. at 50 (quoting Equal Rights Center v. Post Properties, Inc., 246 F.R.D. 29, 32 (D.D.C. 2007)). "[I]nterrogatories are not only an information gathering tool, but also an opportunity to require one's opponent to state its position on an issue in controversy in writing and under oath." Covad Commc'ns Co. v. Revonet, Inc., 258 F.R.D. 17, 20 (D.D.C. 2009).

### C. Motion to Compel

Rule 37 of the Federal Rules of Civil Procedure provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Pederson v. Preston, 250 F.R.D. 61, 64 (D.D.C. 2008) (quoting FED. R. CIV. P.

37(a)(1)). "If a party fails to answer an interrogatory in response to a Rule 33 discovery request, the Court may compel a response." Guantanamera Cigar Co. v. Corporacion Habanos, S.A., 263 F.R.D. 1, 7 (D.D.C. 2009) (citing FED. R. CIV. P. 37(a)(3)(B)(iii)). "[A]n evasive or incomplete . . . response must be treated as a failure to . . . respond." Id. (quoting FED. R. CIV. P. 37(a)(4)). "The party moving to compel discovery has the burden of proving that the opposing party's answers were incomplete." Equal Rights Center v. Post Properties, Inc., 246 F.R.D. at 32 (citations omitted). "Once that showing is made, however, the burden shifts to the objecting party to explain why discovery should not be permitted." Cartagena v. Centerpoint Nine, Inc., 303 F.R.D. at 112. "If a party objects to an interrogatory, it must state its grounds for objection 'with specificity.'" Equal Rights Center v. Post Properties, Inc., 246 F.R.D. at 35 (quoting FED. R. CIV. P. 33(b)(4)).

## II. DISCUSSION

### A. Objections to Interrogatory No. 22

The objections Mr. Dickerson makes in his answer to Interrogatory No. 22 are deficient and do not obviate his duty to respond. In his answer he objects to Interrogatory No. 22 on the ground that the defendant is seeking information already within the defendant's possession or control, and because the information is more readily accessible to the defendant than to the plaintiff. See Notice of Supp. Answer, Exhibit A at 14. "The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories. Interrogatories are not limited to facts which are exclusively or peculiarly within the knowledge of the interrogated party. The fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable." United States v. All Assets Held at Bank Julius Baer & Co., 276 F.R.D. 396, 399

(D.D.C. 2011) (internal citation omitted). "[I]nterrogatory responses that direct [the requesting party] to [the opposing party's] document production generally or to information available elsewhere are not an adequate alternative to answering interrogatories." Harris v. Koenig, 271 F.R.D. 356, 366 (D.D.C. 2010). Even if the requesting party can "review its own files to look for information that supports [the opposing party's] claims," the requesting party "has the right to hear . . . what information [the opposing party] intends to use to support its claims." Covad Commc'ns Co. v. Revonet, Inc., 258 F.R.D. at 20. The objection Mr. Dickerson interposed was not legitimate, and he must fully respond to the interrogatory in accordance with this memorandum opinion and order.

### B. Amount and Computation of Compensatory Damages

Mr. Dickerson is seeking compensatory damages, in addition to economic damages, attorneys' fees, and equitable and declaratory relief. See Fourth Amended Complaint ("Complaint") [Dkt. No. 73] at 13. In his supplemental discovery responses, Mr. Dickerson specifies that the compensatory damages he seeks are for "emotional harm and inconvenience" and "harm to his reputation." Notice of Supp. Answers, Exhibit A at 14. The parties disagree about whether Mr. Dickerson must answer the request for the "amount" of the compensatory damages he seeks, including "an explanation of the method by which each amount was calculated." See Mot. to Compel, Exhibit A at 11.

The District argues that it is entitled to a computation of the amount of the compensatory damages that Mr. Dickerson seeks. See Def.'s Supp. Filing in Support of Mot. to Compel Discovery ("Def.'s Supp. Mot.") [Dkt. No. 109]. In support of this position, the District points to Rule 33(b)(3), which requires each interrogatory "be answered . . . fully." Def.'s Supp. Mot. at 2 (citing FED. R. CIV. P. 33(b)(3)). The District is correct that its interrogatory request

5

for the "amount" of damages sought for each type of damages is generally consistent with the Federal Rules and cases in this jurisdiction. See FED. R. CIV. P. 26(a)(1)(A)(iii) (requiring parties to provide a "computation of each category of damages" in their initial disclosures); Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc., Civil Action No. 07-861, 2009 WL 10719757, at *2 (D.D.C. July 13, 2009) (citing King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 (D.D.C. 1985)) (granting motion to compel supplemental responses with a calculation of damages sought).

    Mr. Dickerson is correct to point out however, that none of the cases cited by the District discussed whether a party must provide a computation for compensatory damages specifically. See Plaintiff's Opposition to Defendant's Supplemental Motion to Compel Discovery (Pl.'s Supp. Br.) [Dkt. No. 110] at 2-3. While a party seeking compensatory damages is not categorically exempt from the obligation to provide a computation of the damages sought, when the specific compensatory damages sought are "intangible damages" such as "pain and suffering, mental anguish, or loss of consortium," no "monetary amount need be set forth." Williams v. Johnson, 278 F.R.D. 10, 11-12 (D.D.C. 2011) (noting that plaintiff was required to itemize some compensatory damages, but not intangible compensatory damages) (citing L. CIV. R. 16.5(b)(8)). Not requiring a monetary amount or computation for intangible compensatory damages is consistent with the Sand's jury instruction for compensatory damages in Section 1981 cases. While the jury is instructed that compensatory damages must be reasonable and based on evidence, not speculation or sympathy, it is also told that in determining the amount of the award with respect to emotional distress or humiliation, "it is difficult to arrive at a precise calculation of actual damage for emotional harm." 5 Leonard B. Sand, et al., Modern Federal Jury Instructions–Civil, ¶ 87.01 (Instruction 87-21) (2019).

Mr. Dickerson's supplemental discovery response indicates that the only compensatory damages he is seeking are "emotional harm and inconvenience" and "harm to his reputation." Notice of Supp. Answers, Exhibit A at 14. These are intangible damages, and therefore do not require a specific amount or calculation. Accordingly, the Court holds that Mr. Dickerson does not have to answer the part of Interrogatory No. 22 that asks for the "amount" or "an explanation of the method by which each amount was calculated" for the specific damages "emotional harm and inconvenience" and "harm to his reputation." See Notice of Supp. Answers, Exhibit A at 14.[1]

### C. Basis for Damages

The District separately maintains that Mr. Dickerson must have "some factual basis" that underlies his claim that he has damages; he cannot "hide the ball" and later come forward with supporting facts that he did not produce earlier in response to an appropriate discovery request. Def.'s Supp. Mot. at 4-5 (citing Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc., No. CV 07-861, 2009 WL 10719757, at *2 (D.D.C. July 13, 2009)). Mr. Dickerson does not respond to this argument in his supplemental brief.

The District is correct. There is no law to suggest that Mr. Dickerson does not have to respond to the part of Interrogatory No. 22 that asks him to provide the "basis for claiming the type or category of damages" he seeks – including emotional harm and inconvenience, and harm to his reputation. See Mot. to Compel, Exhibit A at 11. Interrogatories

---

[1] At the November 4 status conference, the parties said that their only dispute with respect to Interrogatory No. 22 related to compensatory damages. Accordingly, the parties have not briefed whether Mr. Dickerson must provide an "amount" or "an explanation of the method by which each amount was calculated" for the other categories and types of damages he seeks. This opinion is therefore limited to the parties' questions about the two types of compensatory damages Mr. Dickerson has specified: emotional harm and inconvenience, and harm to reputation.

serve many purposes including "information gathering," and "requir[ing] one's opponent to state its position on an issue in controversy in writing and under oath." Covad Commc'ns Co. v. Revonet, Inc., 258 F.R.D. at 20. At trial, Mr. Dickerson has the burden of proving damages by a preponderance of the evidence, and the District has a right to understand in advance of trial the scope of its potential liability, and to know the factual support for the claims brought against it. Accordingly, Mr. Dickerson must answer Interrogatory No. 22's request for the "basis for claiming the type or category of damages" he seeks – including, emotional harm and inconvenience, and harm to his reputation. See Mot. to Compel, Exhibit A at 11.

The Court also reminds Mr. Dickerson of his ongoing obligations under Rule 26(e) to supplement his discovery responses. FED. R. CIV. P. 26(e). If he fails to provide specific information in his interrogatory response, he may later be precluded from putting on this evidence at trial. See FED. R. CIV. P. 37(c)(1); Williams v. Johnson, 278 F.R.D. at 12-14 (precluding plaintiff from belatedly introducing a new element of damages at trial).

### D. Request for Attorneys' Fees

Mr. Dickerson asks the Court to award him attorneys' fees, characterizing the District's argument that he should be compelled to respond to Interrogatory No. 22 as "patently frivolous" and designed to "harass and annoy" the plaintiff, with "no chance of success," mirroring Rule 11's prerequisite for sanctions. Pl.'s Supp. Br. at 2. The Court will deny this request for sanctions because Mr. Dickerson's request falls short for both procedural and substantive reasons. The Court notes that Rule 11 specifies that a sanctions motion must be made separately from any other motion. FED. R. CIV. P. 11(c)(2). Mr. Dickerson's request for attorneys' fees is a part of his Opposition to the Defendant's Supplemental Motion to Compel

Discovery, and thus is not in compliance with Rule 11. See Pl.'s Supp. Br. at 2. The Court nonetheless decides the request for attorneys' fees on its merits.

While the Court agrees with Mr. Dickerson that he is not required to provide a calculation for his intangible damages, that does not render the District's argument frivolous. The Federal Rules require a "detailed computation" for "each category of damages" even if a party does not request that in an interrogatory. FED. R. CIV. P. 26(a)(1)(A)(iii). No exceptions are listed in the Rule, and thus it was reasonable for the District to argue that such a computation is required. Mr. Dickerson and the Court have found some cases that discuss an exception for intangible damages, but these are few and far between. Nothing in the District's motion to compel discovery responses merits a sanction, as the motion is not frivolous or meant to harass. Indeed, the District's motion seems a valid response to Mr. Dickerson's failure to comply with his discovery obligations at the time. Accordingly, to the extent that Mr. Dickerson has moved for a sanction of attorneys' fees, that motion is denied.

### III. CONCLUSION

For the foregoing reasons, the Court will GRANT IN PART and DENY IN PART the District's motion to compel [Dkt. No. 99], where it seeks a supplemented response to Interrogatory No. 22. Accordingly, it is hereby

ORDERED that the District's motion to compel Mr. Dickerson to supplement his answer to Interrogatory No. 22's request that he provide an "amount" and "explanation of the method by which each amount was calculated" for the damages of "emotional harm and inconvenience" and "harm to his reputation" is DENIED; it is

FURTHER ORDERED that the District's motion to compel Mr. Dickerson to supplement his answer to Interrogatory No. 22's request that he provide the "basis for claiming

9

the type or category of damages" for the damages of "emotional harm and inconvenience" and "harm to his reputation" is GRANTED.  Mr. Dickerson shall supplement his answer on or before January 6, 2020.  The District should then confirm whether this supplement is satisfactory in the joint status report already due on January 8, 2020; and it is

FURTHER ORDERED that Mr. Dickerson's request for attorneys' fees in his Opposition to the Defendant's Supplemental Motion to Compel Discovery [Dkt. No. 110] is DENIED.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  December 19, 2019