UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KENNETH DICKERSON, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-2213 (PLF) |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Kenneth Dickerson's Motion to Compel 30(b)(6) Deposition Witness to Disclose DCPS Documents Upon Which She Relied and to Produce a Suitable 30(b)(6) Witness on the LSRT Report and Recommendations ("Mot.") [Dkt. No. 128]. Upon careful consideration of the parties' filings, the relevant legal authorities, and the entire record in this case, the Court will deny plaintiff's motion.

I. PROCEDURAL HISTORY

On April 4, 2019, this Court entered an order establishing a schedule for the current phase of discovery. See April 4, 2019 Order [Dkt. No. 96]. That order established that discovery would close on September 20, 2019. See id. Subsequently, the Court extended that deadline a number of times. See September 19, 2019 Order [Dkt. No. 100] (allowing for the deposition of Mr. Dickerson); November 6, 2019 Order [Dkt. No. 108] (allowing for a Rule 30(b)(6) deposition and two fact witness depositions); July 13, 2020 Minute Order (setting discovery deadline as October 30, 2020); January 29, 2021 Minute Order (ordering the parties to file a joint status report addressing the status of the Rule 30(b)(6) deposition).

On February 8, 2021, plaintiff conducted a Rule 30(b)(6) deposition of Donielle Powe, Deputy Chief of Labor Management and Employee Relations for District of Columbia Public Schools. See Transcript of Donielle Powe Deposition ("Powe Depo.") [Dkt. No. 134-1] at 4.[1] On February 19, 2021, the parties filed a joint status report in which plaintiff raised issues concerning the deposition of Ms. Powe. See February 18, 2021 Joint Status Report [Dkt. No. 127] at 1-3. The Court concluded that those issues were more properly raised in a motion to compel, and it ordered plaintiff to file the motion on or before March 9, 2021. See February 23, 2021 Minute Order.

On March 9, 2021, plaintiff filed the instant motion. See Mot. The District of Columbia filed its opposition on March 23, 2021. See Defendant's Opposition to Plaintiff's Motion to Compel ("Opp.") [Dkt. No. 130]. Plaintiff filed his reply on April 2, 2021. See Plaintiff's Reply to Defendant's Opposition ("Reply") [Dkt. No. 133]

## II.  LEGAL STANDARDS

Rule 30(b)(6) of the Federal Rules of Civil Procedure permits a party to "name as [a] deponent a . . . governmental agency, or other entity." FED. R. CIV. P. 30(b)(6). "The named organization must [then] designate one or more officers . . . to testify on its behalf." Id. "The persons designated must testify about information known or reasonably available to the organization." Id.

When the designated deponent "uses a writing to refresh memory" either "(1) while testifying; or (2) before testifying," the "adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in

---

[1]  Citations are to the transcript's original page numbers, rather than the page numbers generated by ECF.

evidence any portion that relates to the witness's testimony." FED. R. EVID. 612(a)-(b). If the deponent uses the writing to refresh her memory before testifying, however, the adverse party is only entitled to production of the writing "if the court decides that justice requires the party to have those options." FED. R. EVID. 612(a)(2).[2]

### III.  DISCUSSION

#### A.  Production of Documents

Plaintiff moves this Court to compel the District of Columbia "to disclose documents upon which its recent 30(b)(6) witness relied . . . as a basis for her deposition testimony." Mot. at 1. Pursuant to Rule 612 of the Federal Rules of Evidence, plaintiff is entitled to production of documents upon which the District's witness relied when giving testimony during her deposition, as long as the "witness 'use[d] [the] writing to refresh memory.'" In re Kellogg Brown & Root, Inc., 796 F.3d 137, 144 (D.C. Cir. 2015) (quoting FED. R. EVID. 612(a)). This does not, however, mean that plaintiff is entitled to all documents the witness consulted prior to testifying. Instead, plaintiff is only entitled to those documents that "'influenced the witness's testimony.'" Id. (citing 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 612.04(2)(b)(i) (2d ed. 1997) and Sporck v. Peil, 759 F.2d 312, 318-19 (3d Cir. 1985)).

The problem with plaintiff's argument is that his counsel inquired about the documents upon which Ms. Powe had relied before he asked her any substantive questions. To

---

[2]  Rule 612 is made applicable to depositions and deposition testimony by Rule 30(c) of the Federal Rules of Civil Procedure, which states that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence." FED. R. CIV. P. 30(c).

3

inquire about documents upon which testimony is based, however, counsel must first elicit the testimony itself:

> In seeking identification of all documents reviewed by [Ms. Powe] prior to asking [her] any questions concerning the subject matter of the deposition, [plaintiff's] counsel failed to establish either that [Ms. Powe] relied on any documents in giving [her] testimony, or that those documents influenced [her] testimony. Without first eliciting the testimony, there existed no basis for asking [Ms. Powe] the source of that testimony.

Sporck v. Peil, 759 F.2d at 318. The following exchange, which occurred immediately following introductory questions about the witness, demonstrates this point:

> Q  And how are you -- what did you do to prepare to answer this particular question?
>
> A  Sure. I reviewed documents such as the nonreappointment letter for Mr. Dickerson as well as spoke with former colleagues about what happened during that time.
>
> Q  And other than the correspondence, the nonreappointment letter, <u>what other documents, if any, did you review to answer number one?</u>[3]

Powe Depo. at 8-9 (emphasis added); see also id. at 15-17 (asking which documents Ms. Powe "reviewed" and "relied upon to prepare for and to answer question number two").[4]

---

[3] In plaintiff's notice of the 30(b)(6) deposition, he listed thirteen subjects about which Ms. Powe would testify. See Notice of 30(b)(6) Deposition ("Notice") [Dkt. No. 128-1] at 3-4. During the deposition, plaintiff's counsel referred to these subjects as "questions." "Number one" therefore refers to the first subject listed in the deposition notice: "Identification of specific decision makers, including DC Human Resources personnel, who decided that plaintiff should be removed from his position as Assistant-Principal at Wilson High School, and the specific reasons for the decision." Id. at 3.

[4] "Question number two" refers to the second subject listed in the deposition notice: "Any and all meetings and communications in which Ms. Rhee and John Davis participated related specifically to Plaintiff's removal." Notice at 3.

In contrast, when plaintiff's counsel asked Ms. Powe specific, substantive questions, and then inquired into the basis for her responses, the District's counsel did not object. The following exchange provides an example:

> Q  And what was the specific reasons for her decision?
>
> A  She made -- she made a decision not to reappoint Mr. Dickerson based on a recommendation from the Wilson LSAT team. It was called LSRT at the time.
>
> Q  <u>How do you know that?</u>
>
> A  <u>Based on the documentation for the restructuring of the school</u> as well as the non-reappointment letter that was issued to Mr. Dickerson.
>
> Q  When you say documentation restructuring of the school, what are you referring to?
>
> A  There was <u>a memo that the LSRT issued</u> to Chancellor Rhee at the time with the recommendations on how to structure the school.

Powe Depo. at 18 (emphasis added); <u>see also id</u>. at 17 (asking Ms. Powe how she knew that Chancellor Rhee was the only decision-maker for the nonreappointment decision). Ms. Powe's responses to these questions constitute the type of "testimonial reliance" on a writing that would entitle plaintiff to production of that writing. See <u>In re Kellogg Brown & Root, Inc.</u>, 796 F.3d at 144. Plaintiff subsequently requested the LSRT memorandum upon which Ms. Powe relied to testify, and the District produced it. <u>See</u> Opp. at 6.

Under Rule 612, plaintiff is only entitled to those documents upon which Ms. Powe relied to answer specific, substantive questions. The District is not required to produce all documents upon which Ms. Powe <u>might</u> have relied had plaintiff's counsel asked different questions. "Rather, because identification of such documents would relate to specific substantive areas raised by [plaintiff's] counsel, [plaintiff is entitled to] only those documents which

deposing counsel, through his own work product, was incisive enough to recognize and question [Ms. Powe] on." Sporck v. Peil, 759 F.2d at 318; see id. ("[I]dentification of such documents under Rule 612 should only result from opposing counsel's own selection of relevant areas of questioning, and from the witness' subsequent admission that his answers to those specific areas of questioning were informed by documents he had reviewed."). The District is also not required to produce any document "without a showing that the document actually influenced the witness's testimony." Id. "[I]f the witness is not using the document to refresh his memory, that document has no relevance to any attempt to test the credibility and memory of the witness." Id. at 317. Because Ms. Powe identified only one document upon which she relied when giving her deposition testimony, and the District has already provided that document to plaintiff's counsel, plaintiff is not entitled to further production of documents.

### B. Additional Rule 30(b)(6) deposition

Plaintiff further moves this Court to require the District "to produce a more suitable 30(b)(6) witness to testify" because Ms. Powe, "possessed little, if any, knowledge about the LSRT document" upon which Chancellor Rhee relied to make the decision to nonreappoint plaintiff. Mot. at 1, 9-10. The District was responsible for designating a deponent who is knowledgeable on the noticed topics. Banks v. Off. of the Senate Sergeant-At-Arms, 241 F.R.D. 370, 373 (D.D.C. 2007). It must also have prepared the deponent so that she could testify on matters "within . . . her personal knowledge as well as those 'reasonably known'" to the District. Id. This Court concludes that the District fulfilled its duties.

To the extent that plaintiff's counsel asked questions concerning "the process by which [the LSRT memorandum] was developed; the extent to which [LSRT] members discussed Plaintiff. . .; whether the LSRT intended expressly or implicitly that Dickerson be separated; and

6

whether any subsequent exchange occurred between the LSRT and [Chancellor] Rhee specifically regarding Dickerson," Ms. Powe adequately answered those questions. See Mot. at 9. For example, when asked whether the LSRT "reviewed Mr. Dickerson's performance evaluations" prior to issuing their memorandum, Ms. Powe responded: "Not that I'm aware of." Powe Depo. at 25. Likewise, when asked whether she had "read any emails to [Chancellor] Rhee from anyone related to Mr. Dickerson's termination," Ms. Powe responded that she had not read any such emails. Id. at 28; see also id. at 37-39 (stating that she was "not aware" of any communication between Chancellor Rhee and "anyone about the restructuring memo"); id. at 20, 26, 45 (stating that the LSRT did not assess Mr. Dickerson on an individual basis).

Because Ms. Powe is the District's designee, she answered these questions pursuant to her personal knowledge and the knowledge of the District. The fact that she was not "aware" of something does not mean that she was ill-prepared for the deposition. Her testimony is that the District itself is unaware of, for example, any communications or meetings between Chancellor Rhee and another person concerning Mr. Dickerson. Cf. United States ex rel Fago v. M & T Mortg. Corp., 235 F.R.D. 11, 23 (D.D.C. 2006) (finding a Rule 30(b)(6) deponent inadequate where she responded "I don't know" to numerous questions). Plaintiff has not plausibly demonstrated that there is any information related to the noticed subjects that the District possesses, but which it did not provide to Ms. Powe in advance of the deposition. Plaintiff also does not argue that Ms. Powe lacked knowledge "reasonably available" to the District. See FED. R. CIV. P. 30(b)(6).

Plaintiff states that Ms. Powe is not a suitable Rule 30(b)(6) deponent in part because she could not name the authors of the LSRT memorandum. See Mot. at 9. But "[t]here is no obligation to produce witnesses who know every single fact." Wilson v. Lakner, 228

7

F.R.D. 524, 529 n.7 (D. Md. 2005); see also Costa v. Cnty. of Burlington, 254 F.R.D. 187, 190 (D.N.J. 2008) ("Simply because defendant's witness could not answer every question posed to him does not equate to the fact that defendant did not satisfy its obligation to prepare its 30(b)(6) witness."). Moreover, plaintiff could have obtained the names of the LSRT members through the use of a number of other discovery tools at his disposal. He did not do so, and purportedly has failed to conduct any written discovery since this phase of discovery opened in 2019. See Opp. at 1-2; see generally Reply (failing to refute the District's characterization).

Plaintiff also argues that Ms. Powe's "testimony demonstrates the government's failure to adequately prepare her." Mot. at 10. He points out that she "had not communicated with any DCPS officials with personal knowledge about the decision-making process related to Plaintiff's separation." Id. The District's obligation under Rule 30(b)(6) was to educate Ms. Powe "with respect to any and all facts known to [the District] and its counsel." In re Vitamins Antitrust Litigation, 216 F.R.D. 168, 172 (D.D.C. 2003). But "30(b)(6) witnesses . . . are not expected to base their testimony on matters entirely within their personal knowledge." Buie v. District of Columbia, 327 F.R.D. 1, 8 (D.D.C. 2018). It was not necessary for Ms. Powe to communicate directly with individuals possessing knowledge about plaintiff's nonreappointment. This is particularly true because the District provided Ms. Powe with "information from counsel's interviews with multiple people who had personal knowledge of the restructuring process at Wilson High School in 2007-2008, including the head of the Restructuring Team." See Opp. at 13.

Finally, plaintiff contends that he is "entitled to continue the deposition of Ms. Powe about documents upon which she relied." Reply at 6. The Court may consider this argument waived, as it was raised for the first time in plaintiff's reply brief. See Lindsey v.

District of Columbia, 879 F. Supp. 2d 87, 95 (D.D.C. 2012); Mot. (failing to argue that the District must produce Ms. Powe for further examination). Even if this Court did not consider the argument waived, however, it lacks merit. Plaintiff moves this Court to overrule the objections of counsel for the District to plaintiff's questions and the instruction to Ms. Powe not to answer "the posed question." See Reply at 6-7. He further moves this Court to require Ms. Powe to answer "the questions about document reliance." Reply at 7. But, as just explained, such questions are improper. Plaintiff is not entitled to continue the deposition of Ms. Powe simply to ask those questions again.

The Court concludes that plaintiff is not entitled to an additional Rule 30(b)(6) deposition.

## IV.  CONCLUSION

This Court concludes that the District fulfilled its responsibility to produce documents relied upon during the Rule 30(b)(6) deposition and to designate a knowledgeable deponent. Accordingly, it is hereby

ORDERED that plaintiff's motion to compel [Dkt. No. 128] is DENIED; and it is

FURTHER ORDERED that, on or before May 21, 2021, the parties shall file a joint status report proposing next steps, including whether summary judgment briefing is appropriate and an agreed upon schedule for summary judgment briefing.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: May 7, 2021