# EXHIBIT F

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KENNETH DICKERSON, Plaintiff,

v.                                                                                    Civil Action No. 09-2213 (PLF)

DISTRICT OF COLUMBIA,

Defendant.

_____

**PLAINTIFF'S ANSWERS TO FIRST SET OF REQUESTS FOR ADMISSION, SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

_____

The Plaintiff, by undersigned counsel, respectfully submits these Answers to Requests for Admissions, and the Second Set of Interrogatories in accordance with Rule 33 of the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

1. Plaintiff objects to the Interrogatories to the extent that they call for the disclosure of materials and information protected by the attorney-client privilege and/or work-product doctrine and will not disclose such information.

2. Plaintiff objects to the Interrogatories to the extent that they call for disclosure of materials prepared in anticipation of litigation and/or trial preparation material.

3. Plaintiff objects to the Interrogatories to the extent that they are so vague, overly broad, and unduly burdensome as to render it impossible to respond in any reasonable manner or amount of time.

4. Plaintiff objects to the Interrogatories as unduly burdensome and oppressive insofar as they seek information or materials already within Defendant's knowledge, possession, and/or control.

5. Plaintiff objects to the Interrogatories to the extent that they purport to require Plaintiff to locate or produce information or materials that are not in his possession, custody, or control.

6. Plaintiff reserves the right to supplement or amend his responses after discovery is concluded in this action.

7. Plaintiff objects to the instructions contained and within Defendant's Interrogatories to the extent that they seek to extend the obligations beyond those set forth in the Rules of this Court.

8. Plaintiff incorporates by reference all of the above General Objections into his Answers to the individual Interrogatories below.

## PLAINTIFF'S ANSWERS TO FIRST SET OF REQUESTS FOR ADMISSION

The District requests that plaintiff respond to the following requests for admission separately and under oath and serve the responses upon undersigned counsel within 30 days of receipt as required by Rule 36.

1. Admit that you continue to be employed by DCPS.

RESPONSE TO NO. 1:   Deny

   No longer employed by DCPS. End date of employment was June 30, 2019.

2. Admit that DCPS never formally offered you a position as a principal.

RESPONSE TO NO. 2:   Deny

   Summer 2006 served as Principal of Dunbar SHS.

   Summer 2007 served as Principal of Wilson SHS

   During SY 2007-2008 Chancellor Rhee's designees, Mr. Whittle and Dr. John Davis both told me in-person I was being considered for a principalship.  Further, Dr. Davis shared an offer and assignment would be forthcoming as long as I was willing to accept a minimum wage increase and less salary than what was being offered outside applicants and new hires for vacant DCPS principalship positions.

3. Admit that you did not apply to be a principal following your non-reappointment as an assistant principal at Wilson in June 2008.

RESPONSE TO NO. 3.   Deny

   a. Did not apply for principalship with DCPS after June 30, 2008 termination.
   b. Did apply for principalship in 2008 in Prince Georges County, Maryland.
   c. Did apply for a Directorship position in Montgomery County, Maryland.

4. Admit that when you were informed of your non-reappointment as assistant principal at Wilson you were also informed you could exercise your "retreat rights" to move to another position at DCPS.

RESPONSE TO NO. 4.

   I had to pursue my right to exercise "retreat rights.  Defendant did not provide "retreat rights" in accordance with existing Board Rules and terms of the Collective Bargaining Agreement (CBA).  DCPS was required to first offer a placement in either a fulltime Dean of Students or comparable position.  DCPS Assistant Director of H.R, Jasmine Jose, informed me

that no available administrative position would be made available or offered to me. First and only positions offered were teaching assignments. Simultaneously, I was denied unemployment compensation due to Defendant's inaccurate reporting to the Department of Employment Services.  that "misconduct" was the reason for my termination,

5. Admit that your allegation in paragraph 20 of the Fourth Amended Complaint that "Dickerson's White counterparts similarly employed as DCPS Principals and Assistant Principals were not subjected to the same previously described CBA or municipal regulation violations and ongoing unfair, hostile and discriminatory non-reappointment processes imposed on Plaintiff" is based only on your unsubstantiated belief that some number of white principals and assistant principals were reappointed by DCPS following the 2007-2008 school year.

RESPONSE TO NO. 5     Deny

   One of the White male Principals I knew, Patrick Pope, Hardy Middle School, was not terminated at the end of the 2007-2008 SY.

6. Admit that you cannot identify specific facts supporting your allegation in paragraph 24 of the Fourth Amended Complaint that you were replaced by "Mary Beth Waits, a White female, with less education and experience than Plaintiff."

RESPONSE TO NO. 6.    Deny.

   I understood that Ms. Waits came from another jurisdiction and at minimum did not have thorough knowledge of DCPS policies, procedures and curriculum.  Anticipate this claim will be further supported pending completion of Discovery.

7. Admit that the only facts supporting your allegation in paragraph 24 of the Fourth Amended Complaint that you were replaced by "a Hispanic male with less experience and education than Plaintiff" are your statements in response to defendant's Interrogatory No. 13 that "Plaintiff worked with Haime Merlos was [sic] the Wilson SHS Guidance Counselor during SY 2007-2008. Merlos got his Master's in Education Leadership at George Mason that same year, pursuant to Plaintiff's encouragement and assistance. Plaintiff got his Masters [sic] from the same program in 2000. In SY 2007-2008, Plaintiff was working on completing the Doctorate Program at George Washington University."

RESPONSE TO NO. 7.    Deny

   In my capacity as Assistant Principal, I worked and spoke often with Haime Merlos during the 2007-2008 SY. Based on information received directly from Mr. Merlos and from firsthand observation, In addition to more education, I know I had considerably more teaching and educational administrative experience than Haime Merlos.

8. Admit that the only fact supporting your allegation in paragraph 21 of the Fourth Amended Complaint that "[p]rior to Plaintiff's Notice of non- reappointment, Defendant's employees and agents surreptitiously interviewed and engaged replacements for his soon-to-be vacant position at Wilson SHS" are your statements in response to defendant's Interrogatory No. 12 that "Plaintiff remembers potential candidates, including Mr. Cahill, subsequently hired as Wilson's Principal, visiting Wilson SHS before Plaintiff received any termination notice."