# EXHIBIT 19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH DICKERSON, | ) |
| Plaintiff, | ) |
| v. | ) CA No. 09-2213 (PLF) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

### NOTICE OF 30(b)(6) DEPOSITION

PLEASE TAKE NOTICE that Plaintiff, Kenneth Dickerson, pursuant to F.R.C.P. 30(b)(6), by and through the undersigned counsel, will take the deposition of upon oral examination of DONIELLE POWE, on Monday, February 8, 2021 starting at 10:00 a.m., and continuing until completed. Donnielle Powe is Defendant's representative who shall testify on the Defendant's behalf regarding all information known or reasonably available to Defendant and with respect to the subject matters identified below on the date and time indicated herein. The deposition shall be taken under oath before an officer authorized to administer oaths and shall be recorded by audio, audiovisual (videotape), and/or stenographic means by any audio recording devices that the stenographer may choose to used. Zoom access information will be provided prior to the deposition on February 8, 2021. The deposition transcript may be used for the purpose of discovery, or as evidence offered at any hearing or trial, or for any and all purposes allowed by the law.

**Deponent: 30(b)(6)Witness(es) Subjects:**

1. Identification of specific decision makers, including DC Human Resources personnel, who decided that Plaintiff should be removed from his position as Assistant-Principal at Wilson High School, and the specific reasons for the decision;

2. Any and all meetings and communications in which Ms. Rhee and John Davis participated related specifically to Plaintiff's removal;

3. Any and all meetings in which DC Human Resource Officials (Peter Webber, Jasmine Jose) participated regarding Kenneth Dickerson, and the subject of such meetings pertinent to Plaintiff's performance, removal, or unemployment benefits;

4. Explanation of the applicable decision-making process related to the 2008-2009 non-reappointment) of DC School Principals and Assistant-Principals, and the extent to which that process applied to the decision to remove Plaintiff from his Assistant-Principal position at Wilson High School;

5. The extent, if any, to which your decision maker(s) considered Plaintiff's performance history during its decision-making process;

6. The extent to which Plaintiff's performance history, specifically his prior year performance evaluations, was considered in your removal decision process;

7. Your retention policies regarding Employee personnel files;

8. Any and all meetings and or communications between March 1, 2008 and June 30, 2008 in which the Plaintiff's employment status was specifically discussed.

9. The number of Principals and/or Assistant-principals during the 2008-2009 decision-making period by age, race and school, and the number of persons employed to replace them by age, race, and school.

10. The identity of any and all person(s) employed in the Assistant-principal position at Wilson High School following the 2008 action resulting in Mr. Dickerson's removal as Assistant Principal.

11. The number of African-American male Assistant Principals at Wilson High School in 2008-2009?

12. Policies, procedures and regulations governing prohibition of race discrimination in the applicable selection process and how, if at all, said anti-discrimination practices were enforced during the selection process.

13. Methodology, if any, by which race statistics relating to the 2008-2009 subject removal actions are maintained.

This deposition shall commence at such a time and location as agreed upon by the parties and shall be taken before a duly certified court reporter and notary public or other person authorized to administer oaths. The deposition will be recorded by stenographic means. The above deponent is requested to bring with her/him all documents or items of tangible evidence in his possession or under her control or within the possession or under the control of her attorneys or agents upon which the witness relies in answering any of the foregoing questions. The term "document" as used herein includes any written or printed paper, photograph or film, recording or tangible object of any kind.

Date: February 1, 2021

                                      Respectfully submitted,

                                      ___/s/_____
                                      Donald M. Temple [#408749]
                                      1310 L. Street NW, Suite 750
                                      Washington, D.C. 20005
                                      (202) 628-1101  Telephone
                                      (202) 628-1149  Facsimile
                                      dtemplelaw@gmail.com
                                      *Attorney for Plaintiff*

This certifies that a true and correct copy of this Notice of Rule 30(b)(6) Deposition was sent by electronic mail on 1st day of February 1, 2021 to:

Mateya Kelley
Assistant Attorney General
441 Fourth Street, N. W. Suite 630S
Washington, D.C. 20001

                                      Respectfully submitted,

                                      By: <u>Donald M. Temple</u>
                                      Donald M. Temple# 408749
                                      1310 L Street, NW, Suite 750
                                      Washington, D.C. 20005
                                      Tel: (202) 628-1101
                                      Fax: (202) 628-1149
                                      dtemplelaw@gmail.com
                                      *Attorney for Plaintiff*