# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KENNETH DICKERSON,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. 09-2213 (PLF) |
| **DISTRICT OF COLUMBIA,** | : |
| **Defendant.** | : |
| _____ | : |

**PLAINTIFF'S ANSWERS TO
DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS**

The Plaintiff, by undersigned counsel, respectfully submits these Answers to Interrogatories in accordance with Rule 33 of the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

1. Plaintiff objects to the Interrogatories to the extent that they call for the disclosure of materials and information protected by the attorney-client privilege and/or work-product doctrine and will not disclose such information.

2. Plaintiff objects to the Interrogatories to the extent that they call for disclosure of materials prepared in anticipation of litigation and/or trial preparation material.

3. Plaintiff objects to the Interrogatories to the extent that they are so vague, overly broad, and unduly burdensome as to render it impossible to respond in any reasonable manner or amount of time.

4. Plaintiff objects to the Interrogatories as unduly burdensome and oppressive insofar as they seek information or materials already within Defendant's knowledge, possession, and/or control.

5. Plaintiff objects to the Interrogatories to the extent that they purport to require Plaintiff to locate or produce information or materials that are not in his possession, custody, or control.

6. Plaintiff reserves the right to supplement or amend his responses after discovery is concluded in this action.

7. Plaintiff objects to the instructions contained and within Defendant's Interrogatories to the extent that they seek to extend the obligations beyond those set forth in the Rules of this Court.

8. Plaintiff incorporates by reference all of the above General Objections into his Answers to the individual Interrogatories below.

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

**1. Identify each person having discoverable information that supports a position you have taken or intend to take in this action and state the subject matter of the information possessed by that person.**

**Answer No. 1.** Objection to the extent that this Interrogatory is unduly burdensome and oppressive insofar as it seeks identifications, information or materials already within Defendant's knowledge, possession, and/or control. The information requested is more readily accessible to Defendant than to Plaintiff, as the Agency has this information within its personnel records. This information can be accessed through the Division of Human Resources within the D.C. Public Schools Administration. Additionally, the extent that discovery is ongoing, and Plaintiff has not decided exactly which witnesses will be called at the trial in this matter but will do so in the pre-trial statement. Notwithstanding objections persons having information include:

**ANSWER NO.5.** Objection to the extent that the information requested is more readily accessible to Defendant than to Plaintiff, as the Agency has this information within its personnel records. This information can be accessed through the Division of Human Resources within the D.C. Public Schools Administration. Notwithstanding this objection.

a. **Dean of Students** duties included but not limited to safety and security; disciplinary decisions; liaison between parent and teachers.

b. **Assistant Principalship** duties included, but not limited to administrative decisions related to school's budget, academic curriculum, hiring, teacher evaluations, enforcement of school policy

c. **Music Teacher**. Teaching and supervision revitalized Wilson's music department; created marching band, partnered with national and international organizations, including Thelonious Monk Institute of Jazz to provide in-school and after-school musical programs, exposure and opportunities for Wilson students.

d. **Sr. Assistant Principal:** DCPS policy required designation of an in-charge administrator when Principal left the premises. Plaintiff routinely designated to serve in this capacity with concomitant responsibilities and duties when Wilson Principal left the building.

6. **Describe how DCPS determined that you were "qualified to serve as a DCPS Principal" as alleged in paragraph 7 of the Fourth Amended Complaint.**

**ANSWER NO. 6** Objection to the extent that this Interrogatory is unduly burdensome and oppressive insofar as it seeks information or materials already within Defendant's knowledge, possession, and/or control. The information requested is more readily accessible to Defendant

than to Plaintiff, as the Agency has this information within its job vacancy announcements, Principals Standard Operating and Procedure Handbook & Manual and personnel records. This information can be accessed through the Division of Human Resources within the D.C. Public Schools Administration. Notwithstanding this objection this is how DCPS demonstrated Plaintiff's competence to serve as Principal:

a. By end of SY 2004-2005 Plaintiff completed all course toward Doctorate Degree in Human Development and Organizational Learning at George Washington University.

b. Summer of 2005 Plaintiff filed application with DCPS HR Office to interview for and fill pending Principalship vacancies. Subsequently, DCPS HR Office determined Plaintiff eligible as a competing principal candidate and placed him on the list of, "eligible principal selection pool of candidates."

c. July 2005 DCPS HR Office contacted Plaintiff to interview with a Principal Selection Committee to fill a principalship vacancy at Roosevelt SHS for SY 2005-2006. Subsequent to interviewing all candidates, one of the selection panel member informed Plaintiff his name was one of two, selected as qualified for the position and sent to Superintendent, Dr. Clifford Janey.

d. DCPS HR Office also contacted Plaintiff to interview for the upcoming vacancy at Banneker SHS.

e. Summer 2006 DCPS HR Officer called and requested Plaintiff serve as summer school Principal at Dunbar SHS. Plaintiff's unable to take on fulltime employment but he assisted on a part-time basis.

    f. DCPS hired Plaintiff as the fulltime 2007 summer school Principal at Wilson SHS. Simultaneously, the outgoing Principal at the Duke Ellington School of the Arts, Mitzi Yates-Lizarraga, contacted Plaintiff, based on Dr. Stephen Tarason's recommendation. She identified Plaintiff's credentials and experience as "perfect" to fill her upcoming vacancy and encouraged Plaintiff to apply.

    g. DCPS HR management personnel identified and encouraged Plaintiff to apply for the Principalship vacancy at Eastern SHS.

    h. May 2008, Chancellor Rhee's designee and executive team member, Mr. Thomas Whittle, told Plaintiff, "you'd make an excellent principal and should apply to be included in the principal selection pool." Plaintiff was in the selection pool at that time.

    i. May 2008, Dr. John Davidson, Assistant Superintendent for Senior High Schools, endorsed Plaintiff's qualifications to be a principal and encouraged him to pursue vacancies. Notwithstanding, Davidson informed Plaintiff, he would not compensate a comparable salary to new incoming principals, rather his Assistant Principal salary would only reflect an increase of $2,400.00.

7. **Identify the specific reasons supporting your claim in paragraph 8 of the Fourth Amended Complaint that you "anticipated additional offers and promotion to a DCPS Principal position prior to or by the time of the non-reappointment 2008-2009 SY."**

**ANSWER NO. 7.** Objection to the extent that this Interrogatory is unduly burdensome and oppressive insofar as it seeks information or materials already within Defendant's knowledge, possession, and/or control. The information requested is more readily accessible to Defendant

8

than to Plaintiff, as the Agency has this information within its and personnel records. This information can be accessed through the Division of Human Resources within the D.C. Public Schools Administration. Additionally, the extent that discovery is ongoing, and Plaintiff has not identified or decided which witnesses will be called at the trial in this matter but will do so in the pre-trial statement. Notwithstanding this objection see **Answer to Interrogatory No. 6,** *infra* which is wholly incorporated into this Answer. Defendant officials and employees involved in those selection processes include:

  a. Dr. John Davidson, Assistant Superintendent for DPCS High Schools, SY 2007-2008
  b. Mr. Thomas Whittle, Chancellor Rhee's Executive Team, SY 2007-2008
  c. Dr. Stephen Tarason, former Principal, Wilson SHS
  d. Dr. Maria Tukeva, former DCPS Instructional Superintendent
  e. Dr. Ralph Neal, Assistant Superintendent, DCPS
  f. Mitzi Yates-Lizarraga, former Principal, Duke Ellington School of the Arts

**8.     Identify the specific bases for your understanding of the District's evaluation processes in place for Assistant Principals during the 2007-2008 school year, including but not limited to:**
**a. Your claim in paragraph 9 of the Fourth Amended Complaint that the District's "systematic evaluation processes for school administrators, established by DCMR Section 5-E1306 et seq., the D.C. Comprehensive Merit Personnel Act (CMPA), and/or the Collective Bargaining Agreement ("CBA"), required pre-conference, mid-year and annual end- of-year evaluations"; b. Your claim in paragraph 10 of the Fourth Amended Complaint that "the customary standards of performance" stated in that paragraph "applied as part of Plaintiff's evaluation"; and, c. Your claim in paragraph 11 of the**

9

    b. Plaintiff contacted President Jefferson at the Council for State Officers to encourage the Union to follow-up with Defendant agency to secure reasons for termination and get status updates. CSO sent communications to Chancellor Rhee on behalf of Union members, including Plaintiff.

**20. Identify and describe all communications with any other individuals regarding the allegations in this lawsuit, including Carol Barbour, Willie H. Bennett, Donna M.N. Edwards, Reginald B. Elliott, Wilma L. Gaines, Lynne Gober, Mary Q. Grant, Marta Guzman, Charles H. Harden, Jr., Janette Johns-Gibson, Harriet F. Kargbo, Treva S. Lindsey, Barbara McElwain, Richard L. Patterson, Gloria A. Tisdale, Wellington Wilder, and Jacqueline Williams.**

**ANSWER NO 20. .** Objection to the extent that this Interrogatory is unduly burdensome and oppressive insofar as it seeks information or materials already within Defendant's knowledge, possession, and/or control. The information requested is more readily accessible to Defendant than to Plaintiff, as the Agency has this information within its and personnel records. Notwithstanding the objection, prior to the firm of Jones Day's involvement with mediation and settlement, Plaintiff spoke to all aforementioned Plaintiffs. Since sole representation by Attorney Temple, Plaintiff has had limited communications with Jacqueline Williams and attempted communication with Dr. Mary Grant. **See Answer to Interrogatory No. 4** *infra,* which is wholly incorporated into this Answer.

**21. Identify and describe any instances where you were considered for a position as a principal or assistant principal at DCPS, including the circumstances of your application or solicitation, job requirements, expected duties, proposed terms for benefits and**

**compensation, and the substance of any negotiations between you and DCPS concerning employment terms.**

**ANSWER NO 21.** Objection to the extent that this Interrogatory is unduly burdensome and oppressive insofar as it seeks identifications, information or materials already within Defendant's knowledge, possession, and/or control. The information requested is more readily accessible to Defendant than to Plaintiff, as the Agency has this information within its Standard Operations and Procedures Manual, Directives and personnel records. This information can be accessed through the DCPS Division of Human Resources, Notwithstanding the objections **see Answer to Interrogatories No. 6 and No 7,** *infra,* which is wholly incorporated into this Answer.

**22. Identify by type, category, and amount the damages you seek in this lawsuit, including in your response an explanation of the method by which each amount was calculated and the basis for claiming the type or category of damages and the specified amount. If you have taken any steps to mitigate these damages, identify and describe all steps you have taken from June 2008 to the present.**

**ANSWER NO 22.** Objection to the extent that this Interrogatory is unduly burdensome and oppressive insofar as it seeks identifications, information or materials already within Defendant's knowledge, possession, and/or control. The information requested is more readily accessible to Defendant than to Plaintiff, as the Agency has this information within its Standard Operations and Procedures Manual, Directives and personnel records. This information can be accessed through the DCPS Division of Human Resources, Notwithstanding this objection **see Answer to Interrogatories No.15 and No. 16,** *infra,* which are wholly incorporated into this Answer.

and/or control.  Including Plaintiff's work records.  Objection to the extent that the information requested is more readily accessible to Defendant than to Plaintiff, as the Agency has this information within Dr. Dickerson's personnel file and work-related records.  This information can be accessed through the District of Columbia's Public Schools Division of Human Resources. Notwithstanding and without waiving objection, this Response may be supplemented, as discovery is ongoing. **EXHIBIT NO. 34.**

**Dated: June 25, 2019**

                                        Respectfully submitted,

                                        */s/Donald M. Temple*

                                        Donald Temple [408749]
                                        Temple Law Offices
                                        1310 L Street, N.W., Suite 750
                                        Washington, D.C. 20005
                                        202-628-1101
                                        Dtemplelaw@gmail.com
                                        *Attorney for Plaintiff*