# EXHIBIT I

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KENNETH DICKERSON, Plaintiff,

v.                                                                                  Civil Action No. 09-2213 (PLF)

DISTRICT OF COLUMBIA,

Defendant.

_____

## PLAINTIFF'S ANSWERS TO FIRST SET OF REQUESTS FOR ADMISSION, SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

_____

The Plaintiff, by undersigned counsel, respectfully submits these Answers to Requests for Admissions, and the Second Set of Interrogatories in accordance with Rule 33 of the Federal Rules of Civil Procedure.

### GENERAL OBJECTIONS

1. Plaintiff objects to the Interrogatories to the extent that they call for the disclosure of materials and information protected by the attorney-client privilege and/or work-product doctrine and will not disclose such information.

2. Plaintiff objects to the Interrogatories to the extent that they call for disclosure of materials prepared in anticipation of litigation and/or trial preparation material.

3. Plaintiff objects to the Interrogatories to the extent that they are so vague, overly broad, and unduly burdensome as to render it impossible to respond in any reasonable manner or amount of time.

4. Plaintiff objects to the Interrogatories as unduly burdensome and oppressive insofar as they seek information or materials already within Defendant's knowledge, possession, and/or control.

5. Plaintiff objects to the Interrogatories to the extent that they purport to require Plaintiff to locate or produce information or materials that are not in his possession, custody, or control.

6. Plaintiff reserves the right to supplement or amend his responses after discovery is concluded in this action.

7. Plaintiff objects to the instructions contained and within Defendant's Interrogatories to the extent that they seek to extend the obligations beyond those set forth in the Rules of this Court.

8. Plaintiff incorporates by reference all of the above General Objections into his Answers to the individual Interrogatories below.

### PLAINTIFF'S ANSWERS TO FIRST SET OF REQUESTS FOR ADMISSION

The District requests that plaintiff respond to the following requests for admission separately and under oath and serve the responses upon undersigned counsel within 30 days of receipt as required by Rule 36.

1. Admit that you continue to be employed by DCPS.

RESPONSE TO NO. 1:    Deny

   No longer employed by DCPS. End date of employment was June 30, 2019.

2. Admit that DCPS never formally offered you a position as a principal.

RESPONSE TO NO. 2:    Deny

   Summer 2006 served as Principal of Dunbar SHS.

   Summer 2007 served as Principal of Wilson SHS

   During SY 2007-2008 Chancellor Rhee's designees, Mr. Whittle and Dr. John Davis both told me in-person I was being considered for a principalship. Further, Dr. Davis shared an offer and assignment would be forthcoming as long as I was willing to accept a minimum wage increase and less salary than what was being offered outside applicants and new hires for vacant DCPS principalship positions.

3. Admit that you did not apply to be a principal following your non-reappointment as an assistant principal at Wilson in June 2008.

RESPONSE TO NO. 3.    Deny

   a. Did not apply for principalship with DCPS after June 30, 2008 termination.
   b. Did apply for principalship in 2008 in Prince Georges County, Maryland.
   c. Did apply for a Directorship position in Montgomery County, Maryland.

4. Admit that when you were informed of your non-reappointment as assistant principal at Wilson you were also informed you could exercise your "retreat rights" to move to another position at DCPS.

RESPONSE TO NO. 4.

   I had to pursue my right to exercise "retreat rights. Defendant did not provide "retreat rights" in accordance with existing Board Rules and terms of the Collective Bargaining Agreement (CBA). DCPS was required to first offer a placement in either a fulltime Dean of Students or comparable position. DCPS Assistant Director of H.R, Jasmine Jose, informed me

RESPONSE TO NO. 24.  Deny

The Council of School Officers, Local 4 AFL/CIO, had permission to file a grievance on my behalf.

25. Admit that you only claim lost wages and compensation as damages, as described in your response to defendant's Interrogatory No. 22 and Exhibit 5 to plaintiff's response to defendant's first set of discovery requests, and that you do not claim any other kind of damages.

## RESPONSE TO NO. 25.

### Deny: Requested relief includes, but is not limited to:

-Compensatory damages

-Economic damages, via back pay, interest thereupon, and corresponding benefits and promotions;

-Compensation for past and future non-pecuniary losses, including emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life, and humiliation;

-Attorney's fees, costs and expenses incurred pursuant to 42 U.S.C. § 1988; and,

- Such further relief as this Honorable Court deems just and fair.

PLAINTIFF'S ANSWERS TO SECOND SET OF INTERROGATORIES

24. Identify whether you ever applied for a position as an assistant principal or principal following your non-reappointment as an assistant principal at Wilson in June 2008 and describe any such applications.

ANSWER TO INTERROGATORY NO 24.

I did not apply for a principal or assistant principal position with DCPS after my June 30, 2008 termination. The DCPS Assistant Director of HR, Jasmine Jose, informed me in person and on the phone in July 2008, that DCPS would not offer me an administrative-level retreat rights position. I applied for administrative positions with both Prince Georges County Public Schools (PGCPS) and Montgomery County Public Schools ( MCPS) and was offered jobs for substantially less pay. In Prince Georges County after recommended for a principalship at Samuel T. Massey ES by, Sharif Saleem, Principal, I applied. I was informed I was eligible based on my qualifications. Notwithstanding, Mr. Howard Burnett, PGCPS HR Officer, shared he could not offer me an administrative position but could not tell me why. He did offer me a teaching position for $30,000.00 less than what I was previously making with DCPS.

In Montgomery County, after being recommended by Principal Alison Serino, A. Mario Loiederman Magnet Creative and Performing Arts MS, I applied and was interviewed for an Arts Coordinator position. Again, despite being told I had the requisite qualifications for an administrative position, I was offered a teaching position.

    c. Letter to Mr. Dickerson from Gates Millennium Scholars, dated August 25, 2006.
    d. Letter to Mr. Dickerson from Department of Energy, dated, January 26, 1999.
    e. Email from Frank Feeney to Principal Jacqueline Williams, Wilson SHS.

**28.** Produce all documents referenced in your response to defendant's Interrogatory No. 10.

**RESPONSE TO NO. 28.**  Attached.   **EXHIBIT NO. 6.  (Articles, Testimonies)**

**29.** Produce all documents concerning any applications you made for a principal or assistant principal position.

**RESPONSE TO NO 29.**   Attached. EXHIBITS NO. 7 (a-j)

    a. 2005/2006 Resume submitted when:
        i. Interviewed for principal position at Roosevelt SHS
        ii. Applied and Interviewed for principal position at Duke Ellington School of the Arts
    b. 2008 Resume submitted when:
        i. Interviewed for both MCPS and PGCPS positions.
    (Letter to Kenneth Dickerson from Prince George's County Public Schools, dated, September 18, 2008.
    c. Letter of Recommendation written by Principal Stephen P. Tarason, dated, July 22, 2008.
    d. Letter of Recommendation written by Dr. Wilma Bonner, dated, June 16, 2008.
    e. Verification of Previous Work Experience, Prince George's County Public School, dated, 8/26/08
    f. Kamit Institute for Magnificent Achievers Charter School, Employment Application, 8-18-08
    g. Email from Allison Serino to Kenneth Dickerson, dated 6/8/2008, Includes Advertisement for Magnet Coordinator @ Loiederman Middle School of the Arts, MCPS.
    h. Email to Ms. Noeske from Kenneth Dickerson regarding Principal position at Duke Ellington School of the Arts, date July 5, 2005.
    i. Personnel Action Request Form, signed by Stephen Tarason, dated 8/30/00
    j. Letter of Recommendation written by Dr. Wilma Bonner to Delores Hamilton, DCPS HR, dated, July 14, 2000.

    I do not have hard or electronical copies of any DCPS, MCPS or PGCPS standardized Application Forms completed or submitted. None found in my Personnel File.

Respectfully submitted,

_____/s/_____
Donald Temple [408749]
Temple Law Offices
1310 L Street, N.W., Suite 750
Washington, D.C. 20005
Email: dtemplelaw@gmail.com
Counsel for Plaintiff
Dr. Kenneth Dickerson